UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALMAZE AUSTIN, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:21-cv-00012-SRC |
| HARRIS-STOWE STATE UNIVERSITY, | ) |
| Defendant(s). | ) |

**Memorandum and Order**

This case involves the puzzling situation of a state university—an instrumentality of the state of Missouri—employing the aggressive tactic of "snap removal" to avoid litigating purely Missouri state-law claims in Missouri state court. Almaze Austin filed suit against Harris-Stowe State University in Missouri state court, alleging that Harris-Stowe violated the Missouri Human Rights Act by terminating her employment. Doc. 3. But before Austin could serve Harris-Stowe with process, Harris-Stowe removed the case to federal court on the basis of diversity jurisdiction. Doc. 1. Normally, forum defendants cannot remove to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2). Harris-Stowe argues that it falls under the "snap removal" exception to the forum-defendant rule; but, even if "snap removal" applies, Harris-Stowe did not set forth specific facts or evidence demonstrating the requisite jurisdictional amount. *Id.* at 6; Doc. 14 at 1. Austin moved to remand. Doc. 12.

**I.     Background**

Austin was an employee at Harris-Stowe State University in St. Louis, Missouri. Doc. 3 at ¶ 4. She worked for Harris-Stowe from 2002 and 2019, and ever since 2017, she was an Accountant in its Accounting Department. Doc. 3 at ¶ 16. In June of 2019, Austin's eight-year-old son received a cancer diagnosis of Alveolar Rhabdomyosarcoma. *Id.* at ¶ 26–17. Asher, Austin's son, required ongoing medical treatment, including chemotherapy and radiation.

*Id.* at ¶ 28. Austin was Asher's primary caretaker, and she provided transportation for Asher to his doctor's appointments and treatments. *Id.* at ¶ 30.

Due to Asher's condition, Austin received approval from Harris-Stowe for intermittent FMLA leave in July 2019. *Id.* at ¶ 33–34. With approval from her supervisor, Austin often worked split shifts, or remotely from her laptop. *Id.* at ¶ 46, 48, 73. In October and November 2019, Harris-Stowe began investigating whether Austin was working all of her required hours, as modified by her intermittent FMLA leave. *Id.* at ¶ 50, 52. In mid-November 2019, Harris-Stowe terminated her employment for not showing up to work during business hours and not accurately reporting her intermittent FMLA leave. *Id.* at ¶ 65–66.

On December 22, 2020, Austin filed suit in the Circuit Court of the City of St. Louis, alleging that Harris-Stowe discriminated against her because of her association with her disabled son, Asher, in violation of the MHRA, Mo. Rev. Stat. § 213.070. *Id.* at ¶ 73–78. Harris-Stowe filed a notice of removal on January 5, 2021, six days before it received Austin's summons to appear in state-court. Doc. 1. In its notice of removal, Harris-Stowe reasoned that the Court has diversity jurisdiction because Austin is a citizen of Illinois and Harris-Stowe is a citizen of Missouri. Doc. 1 at ¶ 4–6. Harris-Stowe alleged that the amount-in-controversy exceeds $75,000 based on Austin's MHRA claim and her prayer for relief for "compensatory and punitive damages, prejudgment interest, as well as for appropriate equitable, declaratory, and injunctive relief, [and] attorneys' fees and costs." *Id.* at ¶ 8–11.

Austin filed a timely motion to remand on the basis of the forum-defendant rule, 28 U.S.C. § 1441(b)(2), arguing that pre-service removal does not allow a forum defendant to remove an action to federal court on the basis of diversity. Doc. 12. *See also id.* § 1447(c) (motion to remand on grounds other than lack of subject matter jurisdiction must be filed within 30 days after filing of the notice of removal); *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (en banc) (holding violation of forum-defendant rule is a non-jurisdictional defect

2

that must be raised within 30 days of removal).   Austin argues that the forum-defendant rule bars Harris-Stowe from removing the case because it is a resident of Missouri, the forum state. Doc. 12.   Austin also urges that Harris-Stowe did not meet its burden regarding the amount in controversy.  *Id.*   Because Harris-Stowe failed to show that this case meets the jurisdictional minimum of $75,000, the Court need not address the snap-removal question and remands for lack of subject matter jurisdiction.

**II.     Standard**

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction.   28 U.S.C. § 1441(a).   "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence."   *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).   "Federal courts are to resolve all doubts about federal jurisdiction in favor of remand and are strictly to construe legislation permitting removal."   *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (quotation marks omitted).   But when a federal court does have jurisdiction over a case properly before it, it has a "virtually unflagging obligation to exercise it."   *Holbein*, 983 F.3d at 1060 (quotation marks omitted).

**III.    Discussion**

In addition to the "snap removal" issue, Austin challenges whether Harris-Stowe has shown the requisite amount in controversy for diversity jurisdiction.   Doc. 13 at 10.   Under 28 U.S.C. § 1332, federal district courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."   28 U.S.C. § 1332(a)(1). In determining whether a case meets the jurisdictional minimum for diversity jurisdiction, the Court must look to the amount in controversy at the time of removal.   *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969) ("It is the situation at the time of removal which is determinative.").

3

The defendant must prove the "jurisdictional fact" of the amount in controversy by a preponderance of the evidence. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). "The jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are . . ." *Kopp*, 280 F.3d at 885. The defendant need only show a fact finder could legally award more than $75,000. *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781 (8th Cir. 2009). The defendant's burden is a pleading requirement, not a demand for proof. *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013). Once a defendant explains how damages can *plausibly* exceed $75,000, a plaintiff seeking remand must demonstrate it is legally impossible to recover more than $75,000. *Joyce v. Wal-Mart Stores E. I., L.P.*, 2019 WL 320596, at *1 (W.D. Mo. Jan. 24, 2019) (emphasis added).

To meet its burden, the removing party must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). The "preponderance of the evidence" standard requires a defendant to demonstrate "by sufficient proof that a plaintiff's verdict reasonably may exceed" the jurisdictional amount. *City of University City v. A.T. & T. Wireless Services, Inc.*, 229 F.Supp.2d 927, 932 (E.D. Mo. 2002). When calculating the amount in controversy, punitive damages and statutory attorney's fees are included in the amount in controversy. *Peterson v. The Travelers Indemnity Company*, 867 F.3d 992, 995 (8th Cir. 2017); *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005); *Walz v. FedEx Office and Print Services, Inc.*, 2012 WL 5386058, at *2 (W.D. Mo. 2012).

In her petition, Austin alleged "emotional pain, humiliation, inconvenience, mental anguish, and loss of enjoyment of life." Doc. 3 at ¶ 77. She alleged she "has lost income and benefits of employment and has incurred and will continue to incur attorney's fees, costs, and expenses of suit." *Id*. at ¶ 76. She sought a variety of relief, including compensatory damages,

punitive damages, prejudgment interest, declaratory and injunctive relief, attorney's fees, and costs.  *See id.* at 9–10.   Austin did not seek a particular amount in her petition, nor did she agree to stipulate to a damage amount.  *See id.*; Doc. 13 at 13–15.

Harris-Stowe asserts that Austin alleged in her petition that Harris-Stowe employs more than 200 employees, which means that Austin could recover a maximum of $200,000 for compensatory and punitive damages alone, not including attorneys' fees or costs.  *See* Mo. Rev. Stat. § 213.111.4(2)(c).   Austin also requested attorney's fees, which are authorized by statute in MHRA actions.  *See* Mo. Rev. Stat. § 213.111.2.   Harris-Stowe points out that Austin's attorneys charge at least $400 per hour for their services, based on their previous work in an MHRA case that they litigated in Missouri state court in 2009.  *See Alhalabi v. Missouri Dep't of Nat. Res.*, 300 S.W.3d 518, 530 (Mo. Ct. App. 2009).

Harris-Stowe contends that based on the allegations in Austin's petition, "a fact finder might legally conclude" her damages exceed $75,000.  *Kopp*, 280 F.3d at 885; Doc. 14 at 13 (citing *Jarrett v. Henkel Corp.*, 2016 WL 407301, at *2 (W.D. Mo. Feb. 2, 2016) (finding defendants met their burden based on their citations to MHRA cases in which compensatory damages alone exceeded $75,000, and several other MHRA cases where the attorneys' fee award exceeded $75,000); *Burns v. Massachusetts Mutual Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987) (considering injunctive relief for jurisdictional amount); *White v. United Parcel Serv.*, 2012 WL 760936, at *3 (E.D. Mo. March 8, 2012) (reasoning that a finder of fact could "legally conclude" that jurisdictional amount had been met in an MHRA case because even though compensatory damages were estimated to be $35,000, plaintiff also requested emotional distress and punitive damages in addition to attorneys' fees)).

Harris-Stowe failed to present "specific facts or evidence demonstrating that the jurisdictional amount has been met[.]"  *Hill*, 324 F. Supp. 2d at 1036.   Harris-Stowe relies largely on non-specific information related to Austin's claim for relief.   Doc. 14 at 12–15.

5

Harris-Stowe asserts that the potential damages exceed $75,000 based solely on Austin's request for emotional distress damages, punitive damages, and attorneys' fees, without offering "one shred of evidence regarding potential damages[.]" *Id.* at 1036. *See also Hofmann v. Wells Fargo Bank, N.A.*, 2019 WL 1992630, at *3 (E.D. Mo. 2019). "Speculation and belief that plaintiff's damages exceed $75,000.00 are insufficient to meet the defendant's burden of proof" with regard to the amount in controversy requirement. *Hill*, 324 F.Supp.2d at 1036.

Harris-Stowe indicates that Austin's future attorneys' fees could potentially exceed the jurisdictional threshold based on her counsel's fee awards in a single MHRA case, but the Court finds this argument unpersuasive. Doc. 14 at 14 (citing *Alhalabi v. Missouri Dep't of Nat. Res.*, 300 S.W.3d 518, 530 (Mo. Ct. App. 2009)). Harris-Stowe expects the Court to assume that Austin's case would yield a similar amount in attorneys' fees after trial without demonstrating that Austin's case is comparable in any meaningful way. *Rosenbloom v. Jet's America, Inc.*, 277 F.Supp.3d 1072, 1075 (E.D. Mo. 2017) ("Defendant has offered no evidence that attorney's fees incurred by plaintiff would exceed the jurisdictional threshold, and such speculation would be unreasonable" at the removal stage). Further, Harris-Stowe failed to present any argument or authority for its tacit position that the Court should consider potential attorneys' fees awarded after a hypothetical trial of this case. *Mak Automation, Inc. v. G. C. Evans Sales & Mfg. Co., Inc.*, 2008 WL 821711, at *5 (E.D. Mo. 2008) (remanding based on the amount in controversy requirement) ("There is a circuit-split as to whether attorney's fees used in the calculation of the jurisdictional amount include those which might be awarded at the termination of the lawsuit or whether they include only those attorney's fees incurred as of the date the lawsuit is filed.").

Harris-Stowe has not shown by a preponderance of the evidence that the requisite jurisdictional amount is in controversy. Resolving all doubts about federal jurisdiction in favor of remand, *Dahl*, 478 F.3d at 968, the Court grants Austin's motion to remand. Doc. 12. While the Court remains puzzled by Harris-Stowe's aggressive effort to avoid the courts of the

6

state of which it is itself an instrumentality, that is something Harris-Stowe can explain elsewhere.  The Court denies Austin's motion for a hearing as moot.[1]   Doc. 18.

So Ordered this 7th day of June, 2021.

_SL R. CR_

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

---

[1] The Court generally welcomes the opportunity for newer attorneys to argue before it and remains open to doing so in the future but finds argument unnecessary on the present motion.